UNITED STATES of America, Petitioner for Condemnation

v.

CERTAIN PARCELS OF LAND IN the CITY OF PHILADELPHIA, COUNTY OF PHILADELPHIA, COMMONWEALTH OF PENNSYLVANIA and Andrew A. Feeney, et al., Defendants.

Civ. A. No. 2939.

United States District Court
E. D. Pennsylvania.

Feb. 21, 1963.

See also 212 F.Supp. 421.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., for plaintiff.

Alvin J. Bello, Philadelphia, for defendants.

WOOD, District Judge.

1. On January 22, 1943, the United States instituted condemnation proceedings to acquire possession, custody and control of the real estate involved in this action.

2. By agreement with the former owner, the United States of America contracted to pay, during the term(s) of its use or occupancy of the real estate involved, an amount equal to the City and School taxes levied on the property.

3. The Government reserved the right or election to pay either into the Registry of the Court or to the taxing authorities, upon presentation of the tax bills, or directly to the landowners as reimbursement for taxes paid on presentation of the receipted tax bills.

4. For the period beginning 1943 through 1950, the Government paid in taxes on these parcels the sum of $3169.45 directly to the City of Philadelphia.

5. From 1951 to 1957, inclusive, the Government, although it continued its use and occupancy of the premises, made no payment to the City of Philadelphia for the taxes and neither did the owner.

6. The Petitioner acquired title to the real estate in question from the former owner in 1960, subject to the City and School taxes for the period from 1951 to 1957, inclusive, amounting to $3093.24, which were liens on the premises.

7. Receipts for the payment of these taxes were produced by the Petitioner and attached to the petition.

## DISCUSSION

The question arising out of these facts is whether the Petitioner's claim is barred by the Anti-Assignment Act (31 U.S. C.A. § 203).

It is the Government's position that its liability is limited to the person or persons who owned the property during the

years the Government held possession of the premises.

The Petitioner contends that the Government would be unjustly enriched if it were allowed to deny reimbursement of the taxes, amounting to $3093.24, which were paid by the Petitioner.

If we accept the Government's theory of the case, we would be forced to hold that an admitted obligation of the United States is present, but that it is recoverable only by a party who cannot legally assert a claim for its payment.

## CONCLUSIONS OF LAW

 1. The intent of Congress by this Anti-Assignment Act (31 U.S.C.A. § 203) was to protect the Government, and not the claimant, and to prevent frauds upon the Treasury. Price v. Forrest, 173 U.S. 410, 19 S.Ct. 434, 43 L.Ed. 749 (1899), and further, to prevent possible multiple payment of claims. United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949).

2. No fraud will result to the Government by reason of its payment to the Petitioner of this admitted debt.

3. Petitioner is the only claimant, hence the Government will not be embroiled in conflicting claims.

4. By reason of the Government's failure to pay these delinquent taxes, they became liens on the premises by operation of law.

5. Petitioner, in good faith and in protection of its interest in the property paid the incumbrances.

6. Purchasers of incumbered property who pay the claim or incumbrance, when justice and equity require it, may be subrogated to the rights of the claimholder. In re Bruce, 158 F. 123 (N.D.N.Y.1907), 35 P.L.E. Suretyship § 28.

7. Petitioner is subrogated to the previous owner's rights against the Government for reimbursement.

8. Subrogation claims are exempt from the provisions of the Anti-Assignment Act. United States v. Aetna

Casualty and Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949).

## ORDER

AND NOW, this 21st day of February, 1963, the Government is ordered to pay the Petitioner's claim in the sum of $3093.24.